NOT FOR PUBLICATION                              (Docket Nos. 12, 15)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____
                               :
CUMBERLAND REGIONAL HIGH       :
SCHOOL DISTRICT BOARD OF       :
EDUCATION,                     :
                               :
              Plaintiff,       :   Civil No. 05-5488 (RBK)
                               :
         v.                    :   Opinion
                               :
FREEHOLD REGIONAL HIGH SCHOOL  :
DISTRICT BOARD OF EDUCATION,   :
                               :
              Defendant.       :
_____:
```

**KUGLER**, United States District Judge:

Before the Court are cross motions by Plaintiff Cumberland Regional High School Board of Education ("Cumberland") and Defendant Freehold Regional High School District Board of Education ("Freehold") for summary judgment. For the reasons provided below, the Court denies Cumberland's motion and grants Freehold's motion.

### I.  Background

L.G., born on March 24, 1983, is the child of I.G., her father, and K.D., her mother. Prior to L.G's parents' divorce, the family resided in Freehold Regional School District. During that period of time, Freehold Township placed L.G. at the Bancroft School, a residential institution.

L.G.'s parents separated in 1999 and divorced in 2001. I.G. remains within the boundaries of the Freehold Regional School District, while K.D. moved first to Newport, New Jersey, then to Bridgeton, New Jersey. Both Newport and Bridgeton are located in Cumberland County, New Jersey. K.D. remains in Bridgeton, which is within the Cumberland Regional High School District. L.G.'s parents are co-guardians and share joint legal custody.

In 1998, I.G., on behalf of L.G., filed a due process petition under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., to require Freehold to contribute to L.G.'s residential placement at Bancroft. I.G. and Freehold settled this dispute by agreeing that I.G. would make an annual, nominal contribution to L.G.'s residential placement, with Freehold bearing the remainder of the cost.

In November 2001, Bancroft discharged L.G., finding that it could no longer provide the care L.G. required. I.G. contacted Freehold for assistance in locating a new placement, but Freehold offered no alternative. I.G. then placed L.G. in Cumberland Hospital, an educational facility for students with "significant behavioral difficulties," in New Kent, Virginia. Initially, I.G.'s private insurance paid the cost of L.G.'s residential placement because Freehold would not contribute. However, I.G.'s private insurance will no longer cover the cost of L.G.'s residential placement because L.G.'s care exceeded the policy

maximums.

On April 8, 2002, I.G., on behalf of L.G., filed a due process petition with the New Jersey Department of Education, requesting that Freehold assume fiscal and administrative responsibility for L.G.'s residential placement retroactive to her initial placement at Cumberland Hospital.  The Commissioner of Education transmitted the case to the Office of Administrative Law on May 31, 2002 for a hearing before an Administrative Law Judge ("ALJ").  I.G., on behalf of L.G., filed a due process petition to require Freehold to assume responsibility for L.G.'s residential placement.  ALJ Anthony T. Bruno heard the petition and ordered Freehold to pay the majority of the costs associated with L.G.'s residential placement.

On October 16, 2002, Freehold filed a Third Party Petition for Due Process seeking contribution toward L.G.'s residential placement from Cumberland because Freehold determined that K.D. lived in Cumberland's regional school district.

Cumberland Hospital determined that it could no longer care for L.G. and informed I.G. that L.G.'s placement at Cumberland would terminate on December 31, 2002.  I.G. again requested assistance from Freehold in finding an alternative placement for L.G.  I.G. subsequently found placement at the Florida Institute of Neurological Rehabilitation ("FINR").  Freehold allegedly failed to respond to FINR's attempts to contact Freehold to

discuss L.G.'s placement.  As a result, I.G., on behalf of L.G., filed a request for emergent relief on December 16, 2002, seeking to place L.G. at FINR. On February 25, 2003, the ALJ ordered Freehold to assume responsibility for the entire cost of I.G.'s residential placement at FINR.  On May 22, 2003, Freehold filed a Notice of Motion for Summary Decision, asserting that Cumberland is responsible for one-half the cost of I.G.'s placement based on L.G.'s mother's domicile.

The ALJ issued a final decision on July 29, 2005, ordering Cumberland to reimburse Freehold for one-half of the education and related expenses incurred in connection with L.G.'s out-of-state placement for the period from October 22, 2002 until March 24, 2004.

Cumberland filed a Complaint in Superior Court of New Jersey, Cumberland County Law Division, on or around September 7, 2005, to appeal the ALJ's determination.  Freehold removed the Complaint to this Court on November 16, 2005.  Cumberland moved for summary judgment on October 30, 2006.  Freehold opposed that motion, and cross-moved for summary judgment, on November 10, 2006.

This Court has jurisdiction pursuant to 20 U.S.C. § 1415(i)(2)(A), which authorizes parties to contest decisions made under IDEA by bringing "a civil action with respect to the complaint presented pursuant to this section, which action may be

4

brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A).

## II.  Standard of Review

"When deciding an IDEA case, the district court applies a modified de novo review and is required to give due weight to the factual findings of the ALJ." M.S. v. Ramsey Bd. of Educ., 435 F.3d 384, 389 (3d Cir. 2006). The Court must "defer to the ALJ's factual findings unless it can point to contrary non-testimonial extrinsic evidence on the record." S.H. v. State-Operated Sch. Dist., 336 F.3d 260, 270 (3d Cir. 2003). The Court's decision is based on the preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(C)(iii).

"Because . . . IDEA requires a district court to grant a judgment on the record based on its own ascertainment of the preponderance of the evidence, many IDEA claims do not fit into the typical summary judgment standard of 'no genuine issues of material fact.'" L.B. v. Nebo Sch. Dist., 379 F.3d 966, 974 (10th Cir. 2004). The parties in this case are effectively seeking "a judgment on the administrative agency's record." Id. Although seeking judicial review of an administrative agency's decision by way of a summary judgment motion "is permissible under . . . IDEA, it is not a true summary judgment procedure. Instead, the district court essentially conduct[s] a bench trial based on a

stipulated record." Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1472 (9th Cir. 1993).

## III. Analysis

Cumberland argues that an individual can only have one domicile at a time. Therefore, Cumberland contends that because L.G. did not establish a new domicile in Cumberland by choice or by operation of law, Freehold should remain solely responsible for the costs of L.G.'s educational placement. Alternatively, Freehold argues that, in this case, L.G. has no clear domicile. As a result, Freehold argues that the ALJ was correct to split the cost between Cumberland and Freehold.

Under IDEA, "a disabled student is entitled to free, appropriate education until he or she reaches age twenty-one." M.C. o/b/o J.C. v. Cent. Reg'l Sch. Dist., 81 F.3d 389, 395 (3d Cir. 1996) (citing 20 U.S.C. § 1412(2)(b)). Moreover, New Jersey law provides that "[p]ublic schools shall be free to . . . persons over five and under [twenty] years of age . . . who are domiciled within the school district." N.J.S.A. § 18A:38-1(a). Historically, New Jersey courts hold that a person can only have one domicile, which is determined by the person's intention to remain at one address permanently. See, e.g., Somerville Bd. of Educ. v. Manville Bd. of Educ., 752 A.2d 793, 796 (N.J. Super. App. Div. 2000) (citing In re Estate of Gillmore, 243 A.2d 263, 268 (N.J. Super. App. Div. 1968)).

With regard to a child, his or her domicile is normally that of the child's parents. See, e.g., Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("Since most minors are legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parents."). After a divorce, the child's domicile is that of the parent with whom the child resides. Roxbury Twp. Bd. of Educ. v. West Milford Bd. of Educ., 662 A.2d 976, 985 (N.J. Super. App. Div. 1995).

In Roxbury, the New Jersey Appellate Division held that a child of divorced parents who moved from the physical custody of one parent to the physical custody of another, had a single domicile. 662 A.2d at 980. In that case, the parents reached a voluntary agreement as to physical custody of the child, which was that the child moved in with his mother in West Milford. Id. The Appellate Division agreed that the child's new domicile was West Milford, and affirmed the trial court's decision to order that West Milford pay for the child's educational costs.

Five years later, the Appellate Division decided Somerville. In Somerville, the parents had joint legal custody and shared physical custody on an alternating basis. 752 A.2d at 797. The Appellate Division found that the increasing number of nontraditional custody arrangements "requires reexamination of the single-domicile rule." Id. To support this proposition, the

Appellate Division cited Restatement (Second) Conflict of Laws § 22 (1971), which casts doubt on the single domicile rule for children in shared custody situations, as well as case law from other jurisdictions that supports departure from the single domicile rule when a child, through shared custody arrangements between divorced parents, does not have one consistent residence. <u>Id.</u> Accordingly, the Appellate Division found that "fairness dicates that [each of the school districts in which the child's parents live] bear equally the costs of the child's special education" to meet the requirements of IDEA.  <u>Id.</u> at 799.

The New Jersey Supreme Court affirmed the Appellate Division's decision in <u>Somerville</u>.  <u>Somerville Bd. of Educ. v. Manville Bd. of Educ.</u>, 768 A.2d 779, 779 (N.J. 2001) (per curiam).  In so doing, the New Jersey Supreme Court held that, in the interest of educational continuity for the child at issue, participation by both school districts–including both cost sharing and joint development of the child's Individualized Education Plan–was the best option.  <u>Id.</u> at 781. Although the per curiam opinion did not directly address the issue of breaking with the single-domicile rule, only two justices joined in a concurring opinion which limited the holding to educational continuity.  <u>Id.</u> ("[T] Appellate Division's decision should not be viewed as overturning the unitary concept of domicile. Rather, the court recognized that [the child] has alternating domiciles

8

and therefore that the two school districts involved should share the costs as they had agreed. Nothing in the opinions of the Appellate Division or this Court should be viewed as precluding the Department of Education from promulgating regulations that are consistent with the theory that a school-aged child can have only one domicile. . . . The polestar of the [c]ourt's opinion and the proposed regulations is educational continuity for [the child].") (Coleman, J. concurring). Because only two of the seven justices joined in this concurring opinion, this Court interprets Somerville as affirming those parts of the Appellate Division's decision that embraced a break with the single-domicile rule. Accordingly, this Court finds that the ALJ's decision is supported by a preponderance of the evidence, and affirms his decision.

**IV.  Conclusion**

For the foregoing reasons, the Court denies Cumberland's motion for summary judgment and grants Freehold's cross-motion for summary judgment.


Dated:6/18/2007          s/Robert B. Kugler
                         ROBERT B. KUGLER
                         United States District Judge